STATE OF FLORIDA, on the relation of Butler's, Inc., a corporation under the laws of the State of Florida, v. C. M. GAY, as Comptroller of the State of Florida.

27 So. (2nd) 907

November 29, 1946

Rehearing denied December 5, 1946

June. Term, 1946

Special Division B

*H. O. Pemberton,* for relator.

*J. Tom Watson,* Attorney General, *Fred M. Burns* and *T. Paine Kelly,* Assistant Attorneys General, for respondent.

BARNS, Circuit Judge:

It appears that relator for many years paid his chain store taxes calculated on its fiscal year being the calendar year but in 1939 relator's fiscal year in the management of its corporate affairs was changed to run from June 1st to May 31st. It paid its taxes levied by Section 204.03 Florida Statutes 1941, F.S.A. from 1941 to 1945 (inclusive) with its fiscal year calculated from June 1st to May 31st for these years.

In September 1945 the Comptroller demanded and received from relator additional taxes for each of the five years basing the calculation as the fiscal year being the calendar year.

Relator now seeks by mandamus to compel repayment upon the claim that its corporate fiscal year controls and not the calendar year.

The respondent answers and relies upon the statutes as fixing the fiscal year of the relator for tax purposes and denies that relator has complied with Section 215.26 Florida Statutes 1941, F.S.A., (Chapter 22008, Acts 1943) relating to repayment of overpayment of taxes. Relator moves for a peremptory writ notwithstanding the return.

The powers and duties of the Comptroller in relation to repayment of overpayment of taxes seem to be governed by the following acts:

Section 204.13 Florida Statutes 1941, F.S.A., provides:

" . . . The comptroller is hereby authorized and empowered to adjust and make proper settlement in case of overpayment made in payment of taxes under this chapter or chapter 16848, laws of Florida, acts of 1935, and there is hereby appropriated a sufficient amount from the funds collected under this chapter for the comptroller to refund any such overpayment when and if on proper application and proof he deems it necessary to make such refund."—and section 215.26 Florida Statutes 1941, F.S.A. provides:

"(1)   The comptroller of the State of Florida may refund to the person who paid same, or his heirs, personal representatives or assigns, any moneys paid into the state treasury which constitutes:

"(a)   An overpayment of any tax, license or account due;

"(b)   A payment where no tax, license or account is due; and

"(c)   Any payment made into the state treasury in error; —and if any such payment has been credited to an appropriation, such appropriation shall at the time of making any such refund, be charged therewith.   There are appropriated from the proper respective funds from time to time such sums as may be necessary for such refunds.

"(2)   [*Limitation of Time*] Application for refunds as provided by this section shall be filed with the comptroller within one year after the right to such refund shall have accrued else such right shall be barred and such application shall be on a form to be prescribed by the comptroller and shall be sworn to and supplemented with such additional proof as is necessary to establish such claim; provided, that if the right to refund shall have accrued prior to June 10, 1943, then such claimant shall have the period of one year from said date to file such claim; provided, such claim is not otherwise barred under the laws of this state."

Section 205.12 Florida Statutes 1941, F.S.A. prohibits exaction of additional taxes, penalties, interest or cost by any state, county or municipal officer or agency, who, for two or more consecutive years shall have received the taxes and fees tendered for, and delivered to the applicant license or licenses

for the operation and conduct by the holder thereof of the place or places of business or stores under the conditions therein stated.

The question for the court to determine is one of legislative intent. Quere: Was it the intent that relator's fiscal year for tax purposes should be its corporate fiscal year as fixed by it; or was the fiscal year for tax purposes the calendar year?

The Act levying the tax reads:

"204.03 Separate and additional license tax on inventory. — . . . there is hereby levied and assessed upon every person, or association of persons, owning, or operating an independent store, or a chain store . . . a separate annual license tax . . . which separate and additional annual license tax shall be determined by the amount of inventory of the merchandise actually upon the premises of such store on the last day of the *fiscal year of the licensee . . . "*

It is our conclusion that the fiscal year for tax purposes under 204.03 Florida Statutes 1941 is not the calendar year, but the "fiscal year of the licensee" as literally stated in the law; that the Comptroller is limited in the collection of the delinquent taxes against the relator by section 205.12 Florida Statutes 1941, and that he is authorized to repay any taxes wrongfully enacted when relator complies with section 215.26(2) Florida Statutes 1941 and files his claims within the limitation of one year therein specified.

With these observations and conclusions as a controlling guide it may be that the Comptroller and the relator can adjust relator's claim.

Since respondent's answer denies compliance with section 215.26 Florida Statutes 1941 we are not able fully to determine relator's rights.

The motion for peremptory writ notwithstanding the return must be and is denied.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.