**STATE OF FLORIDA, on relation of BUTLER'S INC., a corporation under the laws of the State of Florida, v. C. M. GAY, as Comptroller of the State of Florida.**

29 So. (2nd) 246
February 18, 1947
Rehearing Denied March 6, 1947

January Term, 1947
Division B.

*H. O. Pemberton,* for relator.

*J. Tom Watson,* Attorney General, *Fred M. Burns* and *T. Paine Kelly,* Assistant Attorneys General, for respondent.

BARNS, J.:

Relator has moved for a peremptory writ notwithstanding respondent's return.

Relator recites that it filed returns and paid taxes under Chapter 20977, (Acts 1941), for five years from 1941 to 1945 but respondent denied that true returns were filed and alleged that same were illegal and insufficient.

Relator alleged that on September 27, 1945, respondent examined relator's books and demanded additional taxes in the sum of $1170.00 and that under threat of enforcement said demand was paid. To this respondent replies that said payment was made by relator with full knowledge of its rights and without objection.

Relator alleged that respondent having annually for two or more years received the taxes and fees tendered by relator, that the exaction of additional taxes by respondent was in violation of 105.12 F.S.A.; and respondent is entitled to a refund thereof. To this respondent replied that relator having paid taxes legally payable for the years in question that relator is "estopped by waiver" to claim the advantages asserted.

Relator alleges that it made a verbal claim in August 1946, and filed a written claim on October 28, 1946, which written claim was denied in writing on October 29, 1946, and respondent answers, that no claim was filed within a year from the effective date of Chapter 20977 (6-41) for refund of prior payments, nor were any claims filed with the Comptroller "within one year after the right to such refund shall have accrued" for subsequent payments as provided by Sec. 215.26 F.S.A. (Chapter 22008 Acts 1943).

It does not appear that relator's claim is for (a) an overpayment of any tax, license or account due; (b) a payment where no tax, license or account was due; or (c) any payment made into the state treasury in error; and it appears that the relator's rights have been barred by the limitations provided by Section 215.26 F.S.A.

Relator's motion for a peremptory writ is denied and respondent is discharged.

THOMAS, C. J., BUFORD and ADAMS, JJ., concur.