CARROLL, CHAS., Judge.
This is an interlocutory appeal in which the defendants below seek reversal of orders of the circuit court of Dade County *334 denying their motions to dismiss the complaint and for summary judgment.
The appellee Frederick B. Cooper, Inc., filed a suit in equity against the Dade County tax assessor and tax collector, and against the state comptroller to recover personal property taxes amounting to $1,-162.08 paid by it under protest, contending that the tax was illegally exacted on the ground that the particular personal property involved was not subject to taxation. We are not called upon to pass now on the merits of the claim of illegality of the tax. That question has not been ruled on by the trial court, and the arguments of the appellants here raise only two questions, stated in their brief as follows:
“Point 1. Before the taxpayer can contest the ‘legality of any tax, assessment or toll’ (§ 196.01 F.S.) on any tangible personal property, it must first proceed as follows: Exhaust the administrative remedies provided by § 200.19 F.S. and § 200.20 F.S., and thereby be ‘heard under oath’ by the Board of Equalization (§ 200.22 F.S.) ;
“Point 2. and failing to obtain relief there, the plaintiff must then institute suit ‘within thirty days from the time the assessment shall become final,’ in accordance with § 200.02 F.S.”
The assessment became final on October 14, 1958. The suit was filed within 60 days thereafter, on December 2, 1958. Under § 200.02, Fla.Stat., F.S.A., relating to taxation of tangible personal property, it is provided “no assessment shall be held invalid unless suit be instituted within thirty days from the time the assessment shall become final.” § 200.02 was enacted in that form by Ch. 20723, Laws of 1941. The 30 day period for suit provided for in that statute dealing with taxation of tangible personal property was superseded by a 60 day provision for filing "suit in a statute relating to “All taxes imposed pursuant to the constitution and the laws of this state,” as it appears in § 192.21, Fla.Stat., F.S.A., by virtue of Ch. 22079, § 1, Laws of Florida 1943. Prior to that change to 60 days in 1943, the period for filing suit had been 30 days under the statute relating to all taxes (§ 192.-21) as well as under the section relating alone to tangible personal property (§ 200.-02). Chapter 22079 of 1943 which effected the change of period for suit from 30 to 60 days, contained a provision (§ 25) repealing all other laws or parts of laws in conflict therewith, F.S.A. § 192.21 note.
We have not overlooked appellant’s argument that the 30 day period as contained in the 1941 statute relating to taxation of tangible personal property (§ 200.02, Fla. Stat, F.S.A.) should now prevail over the 1943 statute (§ 192.21, Fla.Stat., F.S.A.) relating to all taxes which repealed the 30 day period and substituted a period of 60 days, contending that the 1941 statute was in turn amended in 1945 by Ch. 22758, § 1. The 1945 amendment to the 1941 statute (§ 200.02, Fla.Stat., F.S.A.) did not have the effect contended for it by appellant. This is so because the only respect in which Ch. 22758, § 1, amended § 200.02 was by making such taxes a lien from “the first day of January for which year the property is liable to assessment” instead of “from the time they become due.”
In ruling that the 30 day period for suit did not apply in this case the trial court was eminently correct. The later act of 1943 providing for 60 days in which to bring suit, covered all taxes, including tangible personal property taxes, under the Constitution and laws of the state, and fixed a period for suit which would be uniform, and expressly repealed other statutory provisions in conflict therewith.
The other question raised, relating to the taxpayer’s need to resort to the administrative remedies, has been simplified by the fact that the tax was paid under protest, and suit was brought to obtain refund thereof.
*335 It is true that the suit also included a prayer to have the assessment declared invalid and to enjoin it. After the assessment had become final and the tax had been levied, and thereafter paid under protest, the cause of action was to recapture the paid tax, which was claimed to have been illegally exacted — not to enjoin the assessment. Section 200.36, Fla.Stat., F.S. A., makes provision for refund by the taxing officials of a tax paid under protest, where the liability for a tax on tangible personal property is challenged and a competent court adjudges that the taxpayer is not liable therefor. The wording of that section on this feature is as follows:
“The comptroller shall pass upon and ■order refunds where payment has been made voluntarily or involuntarily of tangible personal property taxes assessed on the county tax rolls by reason of either of the following circumstances: (1) Any overpayment; (2) Payment where no tax was due; and (3) Where a bona fide controversy exists between the tax collector and the taxpayer as to the liability of the taxpayer for the payment of the tax claimed to be due, the taxpayer may pay the amount claimed by the tax collector to be due, 'and if it is finally adjudged by a court of competent jurisdiction that the taxpayer was not liable for the payment of the tax or any part thereof. The board of county commissioners shall comply with the order of the comptroller in such matters by providing in the county budget for the ensuing year for the payment of such refunds and the board shall have authority to authorize •such tax levies as may be necessary to provide the fund with which to make the refund so ordered.” Sec. 200.36, Fla.Stat., F.S.A.
 The prayer of the complaint to •cancel and enjoin the assessment, after the tax had been levied and paid, was inappropriate and should be treated as surplusage. But, as expressly provided for in § 196.01, Fla.Stat., F.S.A., and as contemplated in § 200.36, the plaintiff was entitled to seek a determination in the circuit court of his claim of illegality of the tax, after having paid the same under protest, for the purpose of obtaining refund of such payment if he should succeed in establishing his non-liability for the payment thereof.
The appellants have failed to carry their burden of demonstrating error, and the orders appealed from are hereby affirmed.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.