WIGGINTON, Judge.
This appeal is from a summary final judgment by which appellee, Hygrade Food Products Corporation, was awarded a money judgment for amounts paid by it under protest to the Florida Livestock Board as fees for inspecting frozen meat, together with an amount representing the value of a quantity of meat which spoiled as a result of the required inspection. The facts are not in dispute and the questions involved are only of law. After the inspection fees in question were paid, but *536 prior to the institution of this action, this court affirmed without opinion an interlocutory order entered by the Circuit Court of Leon County which found under circumstances identical with those involved in this case that the Board was not lawfully authorized to inspect Federally inspected frozen meat entering the State of Florida for resale, or to charge a fee therefor.[1]
This suit was instituted by Hygrade against the Board and the Comptroller, Ray E. Green. Upon motion the suit was dismissed as to the Comptroller and proceeded to final judgment only against the Board. The principal point on this appeal involves the construction placed by the trial judge on F.S. Section 215.26, F.S. A., which provides for repayment of monies paid into the state treasury as a result of overpayment, error, or where the amount paid was not due.[2]
It is the Board’s position that the statute above mentioned provides the administrative procedure which controls Hygrade’s right to relief in the premises. The Board contends that before Hygrade may resort to the courts for relief, it must first have exhausted the administrative remedy provided by the cited statute which requires written application for refund to be filed with the Comptroller within eighteen months after the right to refund has accrued, in default of which the right shall be barred. Since no application for refund was filed in this case by Hygrade within the eighteen months limited by the foregoing statute, it is the Board’s position that Hygrade is now barred from seeking relief in the courts against either the Comptroller or the Board.
In disposing of the Board’s contention the trial judge recited in the judgment appealed that the statute is susceptible to the construction placed upon it by the Board, but held that the case is controlled by a decision of the Supreme Court which held that F.S. Section 215.26, F.S.A., is not of general application but one in relation to claims against the Comptroller. The trial judge thereupon held that since the cause had been dismissed as to the Comptroller for failure of the complaint to state a cause of action against him, that it would now be illogical and inconsistent to hold that Hygrade’s claim is. one against the Comptroller so as to bring the case within the statute under consideration as construed by the Supreme Court. We understand this recitation and finding of the trial judge to mean that the pertinent statute now under consideration is applicable to the claim for refund asserted by Hygrade, but because the complaint fails to allege that an application for refund was filed with the Comptroller within the eighteen months period limited by the statute, no cause of action was alleged *537 as would entitle Hygrade to relief against the Comptroller. Since the Comptroller was dismissed from the case, the trial judge found no impediment to Hygrade’s right to proceed for recovery of a money judgment against the Board for the amount of inspection fees illegally exacted of it, as well as for the value of its meat which spoiled as a result of the unauthorized inspection. This ruling obviously permits Hygrade to do indirectly that which it ■could not lawfully do directly.
The, decision of the Supreme Court referred to by the trial judge is the case of State ex rel. Tampa Electric Co. v. Gay.[3] That suit was brought by the Electric Company to recover from the Comptroller certain intangible taxes paid by it under protest on bonds issued outside the State of Florida. Application for refund of the taxes was made by the Electric Company to the Comptroller and denied, such application having been filed pursuant to the re•quirements of F.S. Section 215.26, F.S.A., which is the statuté now under consideration. The court held the tax to have been illegally exact and ordered the Comptroller -to refund that part of the tax for which application had been timely filed. In so holding the Supreme Court made the following statement on which the trial judge relied in the case we now review: “Section 215.26, supra, is not of a general application but one in relation to claims against the Comptroller.” Just what the author of the opinion meant by the quoted statement is not entirely clear. However we do not interpret it to mean that one may ignore with impunity the procedure provided by law for securing a refund of money paid into the state treasury through overpayment or error, and avoid the consequences thereof by the mere expedient of omitting the Comptroller as a party defendant in a suit brought directly against the state agency to whom payment was made. If the claimant’s right to a refund from the Comptroller is barred by the non-claim provisions of the statute, then he has no right to assert a claim for judgment in the amount of such refund from the state agency who collected the payment in question.
It is our construction of F.S. Section 215.26, F.S.A., that it is intended to provide an administrative procedure by which a person may secure a refund of monies paid by him into the treasury of this state, if such payment was made under any of the conditions specified in the statute. The inspection fees paid -under protest by Hygrade to the Board were paid into the state treasury as a result of an erroneous assumption by the Board that it possessed the lawful power to exact the inspection fees so charged and paid. The payment came within that provision of the statute which authorizes refund of any payment made into the state treasury in error, it being immaterial whether the error be one of law or of fact.
F.S. Section 215.31, F.S.A., provides that all revenues, including licenses, fees, imposts, or exaction collected or received under the authority of the laws of the state by each and every state official, * * *, board, * * * or undertaking of the state shall be promptly deposited in the state treasury, and immediately credited to the appropriate fund as provided by law, and no money shall be paid from the state treasury except as appropriated by law.[4] F.S. Section 215.32, F.S.A., provides that all monies deposited in the state treasury shall be segregated into five designated funds, one of which is the state agencies’ fund which shall consist of all monies collected under the authority of the laws of this state from taxes, licenses, fees, and charges levied and collected for the operation of regulatory boards, commissions or other similar agencies or for a specific purpose of such agency.[5] The authority *538 for making refunds is vested in the Comptroller under Section 215.26, which provides that if money paid into the treasury under any of the specified conditions entitling one to a refund has been credited to an appropriation, such appropriation shall at the time of making the refund be charged therewith. The statute appropriates from the proper respective funds from time to time such sums as may be necessary for such refunds.
Reading the foregoing statute in pari materia it is our view that before Hygrade was entitled to seek relief in the court of this state for return of the inspection fees illegally exacted of it by the Board under the circumstances shown by this record, it was first required to exhaust the administrative remedies afforded it by F.S. Sec. 215.26, F.S.A., by filing the appropriate application for refund with the Comptroller within eighteen months after the rights to refund had accrued. In the Victor Chemical Works case[6] the petitioner paid to the Comptroller certain use taxes under a statute later declared to be unconstitutional. Its claim for refund was not filed with the Comptroller until after the decision was rendered holding the act imposing the tax to be unconstitutional. The Supreme Court held that the time for filing the application for refund commenced to run immediately after the tax was paid, and not at the date on which the statute was declared unconstitutional. In denying the taxpayer’s right to relief for failing to file its application within the time limited by the statute, the Supreme Court said:
“The taxpayer had the right to pay the tax and then seek refund after it was paid and bring a mandamus action to have the validity of the statute tested and to direct a refund of the taxes paid. The taxpayer was not required to wait until some stranger to him brought a proceeding to test the validity of the statute. It could have brought a single proceeding to determine the validity of the tax and for a refund. It knew that the tax had been imposed. It knew that it had paid the tax. It knew that it had the right to file an application for refund and if brought in time, a mandamus proceeding is one of the correct, proceedings to determine the validity of the tax. It failed to file any claim or take any action within one year of the time of the payment which is the time of the accrual of the right in this-case and the claim involved is now barred by F.S. Section 215.26, F.S.A.”
Since Hygrade failed to exhaust its administrative remedy by filing an application for refund of the inspection fees paid by it pursuant to the provisions of and within the time required by the statute, its right to the relief prayed for in its complaint is barred.
By its brief Hygrade attempts to demonstrate that F.S. Section 215.26, F.S.A. is not applicable to monies paid as inspection fees, but contends that it is applicable only to monies paid as a tax, license or account due. Only by adopting a strict and technical construction of the statute can Hygrade’s contention in this regard be supported. If such position is correct, then no means have been provided by law whereby inspection fees charged by the many state agencies now operating under statutes enacted pursuant to the police power of the state may be refunded, if such payments are made through error, or where no fee was due, or through overpayment resulting from inadvertence or mistake. Under Hygrade’s theory the only means by which one may secure relief from the payment of inspection fees under any of the circumstances above enumerated would be to bring suit against the governmental entity which accepted the fee, and secure a money judgment for the amount of fees illegally or erroneously paid. Such a theory would subject the various governmental depart *539 ments and agencies of the state to untold litigation which in many cases would be wholly unnecessary where the error or overpayment was acknowledged by the state, and a willingness to rectify the error was manifested. If the refund statute under ■consideration is not applicable to inspection fees, then suit culminating in a final money judgment would be the only recourse available to a person who pays such fees under the circumstances specified in the refund statute. Secondly, to require such procedure by way of suit and money judgment would be wholly unrealistic and fruitless. Most of the governmental agencies charged with the duty of making inspections to protect the health and welfare of our citizens have no assets or other property subject to levy and execution on a judgment. The judgment could not be paid in the absence of a specific appropriation enacted for that purpose. This result was acknowledged by the trial judge in the summary judgment appealed in which, after awarding Hygrade a judgment, provided that no execution should issue on the judgment until such time as Hygrade may upon proper application make it appear to the court that there be property subject to execution issued upon that judgment.
From what was said by the Supreme Court in the Victor Chemical Works case, supra, it would appear immaterial whether the payment for which refund is sought comes within the refund statute. In that case it was said:
“The two Butler cases (State ex rel. Butler’s, Inc. v. Gay, 158 Fla. 164, 27 So.2d 907, and State ex rel. Butler’s, Inc. v. Gay, 158 Fla. 500, 29 So.2d 246, 247) appear to have settled the question by holding that failure to file written claim, sworn to on a form to be prescribed by the Comptroller, within a year from the date of the payment barred the claim, although this Court also held that the tax payment was not such as to come within the refund statute.”
There is another compelling reason why the judgment appealed must be reversed. By its complaint Hygrade seeks judgment for the value of a certain quantity of its meat which spoiled and became worthless as a result of the unauthorized inspection required by the Board. This phase of Hygrade’s claim is an ex delicto action sounding exclusively in tort. The statute creating the Board provides that it shall be a body corporate having the usual powers of a body corporate for all purposes necessary to further carry out provisions and requirements of Chapter 585, including the right to contract and be contracted with, to sue and be sued, as well as all other rights and immunities usually enjoyed by bodies corporate.[7] The Board objected to this portion of Hygrade’s claim in tort on the contention that the Board is immune to actions ex delicto. The trial judge rejected this contention for the reason that it considered itself precluded from making an independent determination of this question. This ruling was predicated upon a holding by the Supreme Court in the Gladden case in which it is said that:
“When the Legislature authorized suit against the Livestock Board, it placed no restriction whatever on the nature of the suit or the amount of the recovery.” [8]
The trial judge was of the opinion that the above quoted statement by the Supreme Court in Gladden subjected the Board to tort actions, and waived governmental immunity to actions ex delicto. We do not interpret the Gladden decision to mean that by the statute creating the Board the State waived the latter’s immunity from liability for tort. No question of governmental immunity was involved in that case. It is our view that the court went no further than to acknowledge *540 that the Board was subject to suits of every nature arising out of its contractual relations with others. This interpretation is supported by the Supreme Court’s subsequent decision rendered in Spangler v. Florida State Turnpike Authority.[9] In Spangler the Supreme Court held that the Florida State Turnpike Authority was immune to actions ex delicto under the language of the statute creating it which constitutes it a body corporate with the right to contract and be contracted with, to sue and be sued. These provisions are strikingly similar to the language employed in Chapter 585 creating the Florida Livestock Board. In explaining its position in the Spangler case, the Supreme Court said:
“In order to forestall any thought that we have overlooked the case of Florida Livestock Board v. Gladden, Fla.1956, 86 So.2d 812, we mention that we, like the trial judge, have the view that this case is not analogous to the case at bar. In the Livestock Board case we had a situation where the Florida Livestock Board had proceeded pursuant to Chapter 585, Florida Statutes, F.S.A., to destroy certain diseased hogs owned by Gladden. The litigation which appeared before the court was instituted by the state agency itself pursuant to the statute in order to obtain a valuation on the destroyed animals. In other words, the Gladden case was originated by the state agency seeking a judicial determination of the value of private property destroyed in the public interest. It was in no manner a proceeding in tort instituted by an individual against a state agency. We were not there confronted with the immunity problem.”
From the foregoing it affirmatively appears that the court erred in permitting Hygrade to assert its claim against the Board for damages arising in tort for the value of its meat lost through spoilage, and the inclusion of these damages in the total damages awarded Hygrade by the judgment appealed was erroneous.
We therefore hold that because of Hy-grade’s failure to file its application for refund with the Comptroller within eighteen months after its right to refund accrued as-required by F.S. Section 215.26, F.S.A., its right to a refund or for a money judgment against the Board is barred. The trial court erred in awarding judgment on that phase of Hygrade’s action sounding in tort. The judgment appealed is accordingly reversed and the cause remanded with directions that judgment be entered in favor of the Board.
Reversed.
CARROLL, DONALD K., C. J., and STURGIS, J., concur.

. Florida Livestock Board v. Walter Strauss & Son (Fla.App.1960) 118 So.2d 670.

. “215.26 Repayment of funds paid into state treasury through error, etc.
“(1) The comptroller of the state may refund to the person who paid same, or his heirs, personal representatives or assigns, any moneys paid into the state treasury which constitute: (a) An overpayment of any tax, license or account due; (b) A payment where no tax, license or account is due; and (c) Any payment made into the state treasury in error; and if any such payment has been credited to an appropriation, such appropriation shall at the time of making any such refund, be charged therewith. There are appropriated from the proper respective funds from time to time such sums as may be necessary for such refunds.
“(2) Application for refunds as provided by this section shall be filed with the comptroller within eighteen months after the right to such refund shall have accrued else such right shall be barred and such application shall be on a form to be prescribed by the comptroller and shall be sworn to and supplemented with such additional proof as is necessary to establish such claim; provided, such claim is not otherwise barred under the laws of this state.
“(3) No refund of moneys referred to in this section shall be made of an amount-which is less than one dollar, except upon application.”

. State ex rel. Tampa Electric Co. v. Gay, Comptroller, (Fla.1949) 40 So.2d 225.

. F.S. Section 215.31, F.S.A.

. F.S. Section 215.32, F.S.A.

. State ex rel. Victor Chemical Works v. Gay, Comptroller, (Fla.1954) 74 So.2d 560, 46 A.L.R.2d 1340.

. F.S. Section 585.03, F.S.A. (Repealed by Ch. 59-457, Laws of Florida, Acts of 1959).

. Florida Livestock Board v. Gladden, (Fla.1956) 86 So.2d 812.

. Spangler v. Florida State Turnpike Authority, (Fla.1958) 106 So.2d 421.