McMULLEN, Circuit Judge.
This matter is before us on alleged conflict of the decision in this case in the District Court in 184 So.2d 699 with the decision of the Second District Court of Appeal in Hansen v. Port Everglades Steel Corporation, Fla.App.1963, 155 So.2d 387.
In each of these cases, suit was instituted for a refund of personal property taxes paid under protest which taxes were levied on property immune from taxation pursuant to Art. I, Sec. 10, Clause 2 of the United States Constitution prohibiting states from levying taxes on imports and exports. The conflict arises from the holding in the Hansen case, supra, to the effect:
“That limitation is not applicable to suits in which assessments are charged to be unauthorized and void, which may be enjoined or relieved against at any time. See Hackney v. McKenny, 113 Fla. 176, 151 So. 524; Overstreet v. Ty-Tan, Inc., Fla.1950, 48 So.2d 158.”
This comment referred to a 60-day limitation in F.S. § 192.21, F.S.A., in which to institute suits contesting the validity of assessments. The concern in both cases is over a refund of taxes paid and not a contest of an invalid assessment. In the case before us, the Third District held:
“In view of the nature of public revenues and for stability in budget planning, there should be some cut-off date when claims for taxes paid under protest may be returned. This would be in accordance with prior rulings of appellate courts in this State, wherein they have denied recovery for return of taxes when there has been no compliance with the provisions of a non-claim statute.”
Applying this principle, the Court held F.S. § 95.08, F.S.A., was the limitation or non-claim that applied.[1] Since this suit was instituted in the Circuit Court more than 16 months after the payment of the taxes, and no effort was made to comply with F.S. § 95.08, F.S.A., within the required one year, petitioner was held to be barred from refund of his monies. Although the two cases direct their attention to different statutes, their ultimate conclusions are diametrically opposed; the one before us holding that the limitation in F.S. § 95.08, F.S.A., bars relief in refund claims; the other, that there is no limitation barring relief in refund claims involving void assessments.
Several cases are cited as authority for the above statement from the Third District opinion in this case. The only one relating to refund of taxes was State ex rel. Victor Chemical Works v. Gay, 1954 Fla., 74 So.2d 560, 46 A.L.R.2d 1340. There, this Court was concerned with a limitation or *297 non-claim of one year in F.S. § 215.26, F. S.A.,[2] for filing claims for refunds of monies paid for taxes levied and collected under a statute subsequently held unconstitutional. It had previously been held in State ex rel. Tampa Electric Company v. Gay, 1949 Fla., 40 So.2d 225, that the same limitation applied and the right for refund accrued at the time the tax was paid. Applying this rule, it determined in the Victor Chemical Works case, supra:
“The application for refund is required to be made within one year after the right to such refund shall have accrued and if no application has been made, the right to any refund shall be barred.
“In dealing with statutes such as that involved in this case it is essential that we bear in mind that unless there is some statute which authorizes a refund or the filing of a claim for refund, money cannot be refunded or recovered once it has been paid although levied under the authority of an unconstitutional statute.
* * * * * *
“A refund is a matter of grace and if the statute of non-claim is not complied with, the statute becomes an effective bar in law and in equity.”
This statement is supported by a number of decisions in this state and conforms to the generally accepted law in this field. See also North Miami v. Seaway Corp., 1942, 151 Fla. 301, 9 So.2d 705; State ex rel. Butler’s, Inc. v. Gay, 1946, 158 Fla. 164, 27 So.2d 907; State ex rel. Butler’s, Inc. v. Gay, 1947, 158 Fla. 500, 29 So.2d 246; City of Orlando v. Gill, 1937, 128 Fla. 139, 174 So. 224 ; 51 Am.Jur. 1012, 84 C.J.S. Taxation § 631, p. 1263, 31 Fla.Jur. 531, § 651. ;
There are a number of these refund statutes applying to various tax payments and other refund claims.[3] This focuses attention on the necessity to comply with the provisions of these statutory provisions as exhausting administrative remedies. All of the above statutes provide that the claim must be filed with the state comptroller. As to the necessity to comply with these statutes, there is also conflict. In Florida Livestock Board v. Hygrade Food Products Corporation, Fla.App.1962, 145 So.2d 535, in referring to F.S. § 215.26, F.S.A., it was held.-
“Since Hygrade failed to exhaust its administrative remedy by filing an application for refund of the inspection fees paid by it pursuant to the provisions of and within the time required by the statute, its right to the relief prayed for in its complaint is barred.”
In Overstreet v. Frederick B. Cooper Co., Fla.App.1959, 114 So.2d 333, a contrary conclusion was expressed. We agree with the view expressed in the Florida Livestock Board v. Hygrade Food Products Corporation, supra.
The statutes here involved provide a full and adequate remedy avoiding the necessity of litigation if refund is granted by the comptroller and if not, contemplating use of all existing court remedies. In fact, the relief provided under these statutes is broader as they provide relief whether the tax was paid voluntarily or involuntarily.[4]
*298 Neither of the two cases cited as support for the quoted statement from the Hansen opinion, supra, has reference to refunds. Each involved actions to enjoin enforcement and collection of illegal or void taxes before payment was made. Neither is authority for the proposition that there is no limitation for this relief, but only that it is not essential to comply with the 30 and 60-day limitations and administrative remedies as a predicate to contesting illegal or void assessments. We feel the Hansen case reached an improper conclusion and the rationale of the District Court below in the instant case is proper in imposing a limitation on refund relief. We disagree, however, with that Court in the particular limitation it applied.
, The authority for refund of personal property taxes improperly paid is F.S. § 200.36, F.S.A. By the steps essential to obtain the refund, it is obvious that neither the county commissioners nor the local tax assessor have any discretion in the refund aspect of the matter. Therefore, for a taxpayer to comply with F.S. § 95.08, F.S.A., would be a futile step. F.S. § 200.36, F.S.A., provides:
“The comptroller shall pass upon and order refunds * *
It is thereafter in the same section provided:
“The board of county commissioners shall comply with the order of the comptroller in such matters by providing in the county budget for the ensuing year for the payment of such refunds and the board shall have authority to authorize such tax levies as may be necessary to provide the fund with which to make the refund so ordered.”
Of course, the comptroller in passing on the merits of the request for refund should obtain full information from the local authorities, but all local action in this regard is subject to the direction of the comptroller.
Since F.S. § 200.36, F.S.A., contains no express limitation and F.S. § 95.08, F.S.A., is not applicable for the reason stated, the general limitation act applies. We, therefore, hold that a taxpayer seeking refund of tangible personal property taxes illegally or improperly collected must proceed within the three-year limitation period prescribed in Sec. 95.11(5) (e). See 34 Am.Jur. 77, 53 C.J.S. Limitations of Actions § 69, p. 1033, 92 A.L.R. 1360, and authorities therein cited.
Because of the diversity of statutory provisions relative to relief in this field, it is commended to the Legislature for their consideration and recodification.[5]
For the reasons above expressed, the decision of the District Court is affirmed as modified by the holding herein.
It is so ordered.
THORNAL, C. J., and THOMAS, DREW and ERVIN, JJ., concur.

. F.S. § 95.08, F.S.A. Limitation of claims against county. — Every claim against any county shall be presented to the board of county commissioners within one year from the time said claim shall become due, and shall be barred if not so presented.

. This is not the one year required in F.S. § 95.08, F.S.A. In fact, F.S. § 95.08, F.S.A., has never been mentioned in any other refund case. The one-year limitation referred to in F.S. § 215.26, F.S.A., has, by the Legislature, later been extended to 18 months and is now three years.

. F.S. § 193.40, F.S.A. — Covers refund of taxes assessed on the county tax roll.
F.S. § 199.341, F.S.A. — Covers refund of intangible taxes.
F.S. § 200.36, F.S.A. — Covers refund of tangible personal property taxes.
F.S. § 215.26, F.S.A. — Covers tax monies and other funds coming into the hands of the comptroller. These provisions are all similar. None contains an express limitation except the last one of three years.

.Prior to this, there was no remedy for refund of payments voluntarily made. North Miami v. Seaway Corp., 1942, 151 Fla. 301, 9 So.2d 705. Relief was ro- *298 strieted to cases in which the tax was illegal or void and was also paid involuntarily or under duress. Brickell v. City of Miami, Ma.App.1958, 103 So.2d 206.

. We quote from an article by Wm. Terrell Hodges in 13 U.Ma.L.Kcv. 477 expressing a similar sentiment as to legislation in this area:
“Even such a cursory excursion, however, unavoidably uncovers some apparent statutory inconsistencies and conflict among court decisions, and indicates even more enigmas left unsolved by the pertinent legislation.”