Jesse J. McCrary, Jr. Secretary of State Tallahassee
QUESTIONS:
1. What is the legislatively intended meaning of the term `invested capital' as used in s. 620.02(2)(b), F. S.?
2. Under what circumstances, if any, is the Division of Corporations of the Department of State authorized to refund any filing fee payments or overpayments made pursuant to part I of Ch. 620, F. S.?
SUMMARY:
Unless, judicially determined to the contrary, the term `invested capital,' as employed in the context of and for the purposes of the State Uniform Limited Partnership Law, part I of Ch. 620, F. S., means the total capital contributions to or investments in a limited partnership made by the limited partners as determined from the filed and recorded certificate or amended certificate required by the Limited Partnership Law.
The Department of State is not authorized to make refunds of filing fee payments or overpayments made pursuant to the Limited Partnership Law even though erroneously made in excess of the amount required by that law. Any claim for a refund for filing fees erroneously paid in excess of that required must be made with the Comptroller in accordance with s. 215.26, F. S.
AS TO QUESTION 1:
Section 620.02(2)(b), F. S., requires that limited partnerships pay initial and annual filing fees as prescribed therein:
 For receiving, filing, and indexing certificates, statements, affidavits, decrees, or any other papers provided for by this chapter, a filing fee in each case to be paid at the time of the first filing and, on January 1 annually thereafter, an amount based upon the amount of invested capital according to the following schedule: Four dollars per $1,000 of invested capital; provided, however, that no filing fee shall be less than $30 nor more than $1,000; and provided, further, that the annual filing fee payable on January 1 next following the date of the original filing the amount of the filing fee shall be prorated for that portion of the year the limited partnership has existed between the original filing date and the next ensuing January 1. (Emphasis supplied.)
You question the meaning of the phrase `invested capital,' which is central to the determination of the correct scheduled filing fee required by s. 620.02(2)(b), F. S. As you stated in your letter, the term `invested capital' is not found in the original Uniform Limited Partnership Act from which Florida's act was modeled; it is the Florida Legislature's modification to provide for the scheduled initial and annual filing fees. This term is not defined anywhere in part I of Ch. 620, F. S., for the purposes of the limited partnership law. Your inquiry suggests that the term `invested capital' standing alone and as used in the particular context of s. 620.02(2)(b), F. S., could be taken to refer either to the amount of cash or other property originally invested by the limited partners or to the net value of the capital of the limited partnership, including the total net capital accounts or contributions of the general and limited partners. However, when the filing fee requirements of s. 620.02(2)(b) are analyzed in the context of all the provisions of part I of Ch. 620, as they must be in determining the legislative intent and to give effect to the entire statute, I am of the view that the term means the amount of cash or other property contributed to, or invested in, the limited partnership by the limited partners, or, in other words, the limited partners' `contributions' as stated in the statutorily prescribed original or amended certificate filed and recorded with the Department of State.
The paramount goal in construing a statute of this nature is to determine the legislative intent, if at all possible. Armstrong v. City of Edgewater, 157 So.2d 422 (Fla. 1963); Florida State Racing Comm. v. McLaughlin, 102 So.2d 574 (Fla. 1958). State Department of Public Welfare v. Bland, 66 So.2d 59 (Fla. 1953); Ervin v. Peninsular Telephone Co., 53 So.2d 647 (Fla. 1951); Ginsberg v. Ginsberg (In re Ginsberg's Estate), 50 So.2d 539 (Fla. 1951). This intent is to be gleaned from the entire enactment and its purpose, and the whole statutory scheme given effect. Florida Jai Alai, Inc. v. Lake Howell Water Reclamation Dist., 274 So.2d 522 (Fla. 1973); Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969); Peninsula Land Co. v. Howard, 6 So.2d 384
(Fla. 1942); Forehand v. Manly, 2 So.2d 864 (Fla. 1941).
The only instrument required to be filed with the Department of State from which the filing fees specified in s. 620.02(2)(b), F. S., could be calculated is the limited partnership's certificate filed for record with the department; see s. 620.02(1)(a) and (b), F. S. The requirements of this certificate are found in s. 620.02(1)(a)1. through 14., F. S. The amount of capital referred to in the certificate to be invested by the designated contributors or limited partners is their `contribution(s)' to the limited partnership. See s. 620.02(1)(a)6., 7., 8., 12., and 14., F. S. Section 620.02(1)(a)6., for example, requires that the certificate shall include `[t]he amount of cash and a description of and the agreed value of the other property contributed by each limited partner.'
Section 620.17(4), F. S., states: `When a contributor has rightfully received the return in whole or in part of the capitalof his contribution, he is nevertheless liable to the partnership for any sum, not in excess of such return' (Emphasis supplied.) necessary to discharge the limited partnership's liabilities to all creditors whose claims arose before such return. See also s. 620.23, F. S., which refers to the limited partners' claim upon dissolution as the `capital of their contributions' (Emphasis supplied.), and to their share in the partnership assets in respect to their `claims for capital.' (Emphasis supplied.) This language refers to the limited partners' `contributions' as capital which they have contributed to or invested in the limited partnership and upon which they anticipate a return. Section 620.04, F. S., characterizes these contributions as `cash or other property, but not services.'
Limited partnerships are statutory creations which did not exist at common law. These statutes extend the incentive of limited liability to investors who put up money or other property but do not take part in the management or operation of the business. In Vulcan Furniture Manufacturing Corp. v. Vaughn, 168 So.2d 760, at764 (1 D.C.A. Fla., 1964), the First District Court of Appeal undertook `a review of the statutes of the various states relating to limited partnerships' and asserted that
 their general purpose is not to assist creditors, but to enable persons to invest their money in partnerships and share in the profits without being liable for more than the amount of money they have contributed. The reason for this is to encourage investing by parties having capital, but who will not participate in the detailed operation of the partnership business, nor induce creditors to extend credit to the partnership under the mistaken belief that the limited partner is a general partner responsible for payment of the partnership obligations. It has been stated that the uniform limited partnership act proceeds on the assumption that no public policy requires a person who contributes to the capital of a business, . . . to become bound for the obligations of the business . . . . (Emphasis supplied.)
Compare s. 620.11, F. S., which refers to a `person who hascontributed to the capital of a business conducted by a person or partnership erroneously believing that he has become a limited partner in a limited partnership.' (Emphasis supplied.)
Section 620.02(1), F. S., requires that persons desiring to form a limited partnership file a sworn certificate with the Department of State. Upon the filing of this certificate and payment of the scheduled fee prescribed by s. 620.02(2), F. S., the subject matter of your inquiry, the Department of State issues a certificate of authority to do business in the State of Florida.See s. 620.02(3), F. S. This certificate of authority is renewed annually on January 1, conditioned upon the payment of the annual filing fee. These initial and annual filing fees are required only for limited partnerships; no filing fee is required for partnerships under part III of Ch. 620, F. S.
At the time Florida enacted its Limited Partnership Act in 1943, the statutory provisions dealing with filing fees for corporations were analogous to the fee statutes enacted for limited partnerships. See s. 612.58, F. S. 1943. On filing a certificate of incorporation, there was to be paid: `Two dollars for each one thousand dollars of par value of stocks authorized up to and including one hundred and twenty-five thousand dollars.' (Emphasis supplied.) The distinction was that the filing fee for corporations was to be based upon the total amount of `par value' authorized up to the prescribed maximum rather than the amount of `invested capital.' However, the par value of the stocks equals the amount of capital which the incorporators anticipate investors paying into the corporation for investment purposes. Therefore, `par value' was a legislatively used synonym for `invested capital' and both terms were used to express the capital which the investors or limited partners invested or contributed to the business and upon which they anticipate a return.
We can see then that an analysis of the entire context and purpose of part I of Ch. 620, F. S., points to the conclusion that the Legislature intended that the term `invested capital' apply or refer to the limited partners' contributions or capital contributions to the limited partnership. The limited partners' `contributions' are referred to throughout part I of Ch. 620 as the `capital' of the limited partnership. This line of reasoning is bolstered by the fact that the certificate or amended certificate is the only writing required to be filed and recorded with the Department of State and is, therefore, the only instrument from which the initial and annual filing fee required by s. 620.02(2)(b) could be determined. No annual returns or reports of any nature are provided for by the statute from which the department could calculate or determine an annual fee on any other basis. Moreover, the statute does not require any other amounts or data to be included in the recorded certificate or amended certificate which might indicate that the term `invested capital' could refer to anything other than the capital contributions of the limited partners.
The character of the limited partners' contributions is set forth in s. 620.04, F. S.: `The contributions of a limited partner may be cash or other property, but not services.' These capital contributions can change in a number of ways, but in all instances these changes would be reflected either in the original certificate or in an amended certificate which is required to be filed and recorded with the Department of State. For example, s. 620.02(1)(a)7., F. S., requires that the original certificate when filed shall state the `additional contributions, if any, agreed to be made by each limited partner and the time at which or events on the happening of which they shall be made.' Section 620.02(1)(a)8., F. S., requires the certificate to show `[t]he time, if agreed upon, when the contribution of each limited partner is to be returned.' Also, s. 620.24(2)(a), F. S., requires that a certificate shall be amended when `[t]here is a change in the name of the partnership or in the amount or character of the contribution of any limited partner.' Therefore, the recorded certificate or an amended certificate would at all times reflect accurately the total amount of the capital contributions by and investments of the limited partners in the limited partnership.
Based on the foregoing considerations and unless judicially determined otherwise, I conclude that the term `invested capital,' in the context of part I of Ch. 620, F. S., and as employed in s. 620.02(2)(b), F. S., for purposes of the limited partnership law means the total capital contributions to or investments in a limited partnership by the limited partners as determined from the filed and recorded certificate or amended certificate required by s. 620.02, F. S.
AS TO QUESTION 2:
Various Florida statutes require the Department of State to deposit in the State Treasury filing fees or charges that they have collected pursuant to law. See, e.g., ss. 15.09, 215.31, and 620.32, F. S. Section 620.32, F. S., requires the Department of State to pay into the State Treasury, to the credit of the General Revenue Fund, all moneys collected under the provisions of part I of Ch. 620. More generally, s. 215.31 requires that all
 [r]evenue, including licenses, fees, imposts or exactions collected or received under the authority of the laws of the state by each and every state official, office, employee, bureau, division, board, commission, institution, agency or undertaking of the state shall be promptly deposited in the State Treasury, and immediately credited to the appropriate fund . . . .
You question whether a partnership which has paid or overpaid a scheduled filing fee required by the Limited Partnership Law may obtain a refund from the Department of State for any overpayments or payments made in error. The general rule of law is that no such refund can be made unless there is a governing statute or law providing therefor. It is stated at 53 C.J.S. Licenses s. 57 (1948) that `the right to a refund of license fees and taxes is a matter of legislative grace,' and further that `[t]he application for a refund must be made in the manner and within the time provided by the statute, and in compliance with such conditions as the statute may impose.' Analogously, in discussing the refund of taxes, the Florida Supreme Court stated that `unless there is some statute which authorizes a refund or the filing of a claim for refund, money cannot be refunded or recovered once it has been paid.' State ex rel. Victor Chemical Works v. Gay, 74 So.2d 560 at562 (Fla. 1954). See also State ex rel. Butler's, Inc. v. Gay,27 So.2d 907 (Fla. 1946). Florida Livestock Board v. Hygrade Food Products Corp., 145 So.2d 535 (1 D.C.A. Fla., 1962); AGO 075-293.
I can find no statutory or constitutional provision which authorizes the Department of State to make refunds for such fee overpayments or erroneous payments. Therefore, I conclude that the Department of State is not authorized by law to make any such refunds.
When a limited partnership has made an overpayment of a filing fee or payment not due under the governing laws or has made a payment erroneously in excess of that required by law, it may apply to the Comptroller for a refund pursuant to s. 215.26, F. S., which provides:
 (1) The Comptroller of the state may refund to the person who paid same, or his heirs, personal representatives or assigns, any moneys paid into the State Treasury which constitute:
(a) An overpayment of any tax, license or account due;
(b) A payment where no tax, license or account is due; and
(c) Any payment made into the State Treasury in error;
 (2) Application for refunds as provided by this section shall be filed with the Comptroller within 3 years after the right to such refund shall have accrued else such right shall be barred and such application shall be on a form to be prescribed by the Comptroller and shall be sworn to and supplemented with such additional proof as is necessary to establish such claim; provided, such claim is not otherwise barred under the laws of this state.
I am not aware of any statute authorizing or empowering the Department of State to refund filing fees collected by the department and paid into the State Treasury as required by law. Any claim for a refund for filing fees erroneously paid in excess of that required of a limited partnership accordingly must be made with the Comptroller, not with the Department of State.
Prepared by: Craig B. Willis, Assistant Attorney General