BARKDULL, Judge.
By this appeal, the appellants seek review of a summary final decree upholding the right of the plaintiff in the trial court to secure the return of certain tangible personal property taxes, paid under protest to the appellant tax collector.
All parties agree that the property involved in this cause was immune from taxation as being imports in their original containers, pursuant to the provisions of the Federal Constitution. See: Brown v. State of Maryland, 12 Wheat. 419, 6 L.Ed. 678; Hamilton Mfg. Co. v. Massachusetts, 6 Wall. 632, 639, 18 L.Ed. 904; Hooven & Allison Co. v. Evatt, 324 U.S. 652, 65 S.Ct. 870, 89 L.Ed. 1252; Youngstown Sheet & Tube Co. v. Bowers, 358 U.S. 534, 79 S.Ct. 383, 3 L.Ed.2d 490; Art. I, § 10, Cl. 2, United States Constitution. It is conceded that at no time did the plaintiff file the necessary exemption forms, pursuant to § 200.15, Fla.Stat., F.S.A. However, the appellee urges that this was not necessary as the property was immune from taxation, and we agree in accordance with the opinion of the Second District Court of Appeal in Hansen v. Port Everglades Steel Corporation, Fla.App.1963, 155 So.2d 387. The appellants contend that the claim of the plaintiff is barred by failure to comply with § 95.08, Fla.Stat., F.S.A.[1] The appellee urges that the case of the second district, L. O. Hansen v. Port Everglades Steel Corporation, supra, requires an affirmance, but we find it not to be controlling on this point, as § 95.08, Fla.Stat., F.S.A., does not appear to have been considered by that court.
In view of the nature of public revenues and for stability in budget planning, there should be some cut-off date when claims for taxes paid under protest may be returned. This would be in accordance with prior rulings of appellate courts in this State, wherein they have denied recovery for return of taxes when there has been no compliance with the provisions of a non-claim statute. See: Whitehurst v. Hernando County, 91 Fla. 509, 107 So. 627; Kahl v. Board of County Commissioners of Dade County, Fla.App.1964, 162 So.2d 522; State ex rel. Victor Chemical Works v. Gay, Fla. 1954, 74 So.2d 560. In the latter case, the Supreme Court of Florida said the following:
* * * * * *
“[1] F.S. Section 216.26, F.S.A., is not strictly speaking, a statute of limitations but is more in the nature of a statute of non-claim. The application for refund is required to be made within one year after the right to such refund shall have accrued and if no application has been made, the right to any refund shall be barred.
“[2] In dealing with statutes such as that involved in this case it is essential that we bear in mind that unless there is some statute which authorizes a refund or the filing of a claim for refund, money cannot be refunded or recovered once it has been paid although levied under the authority of an unconstitutional statute. 51 Am.Jur., Taxation, Sec. 1167. ‘The recovery of illegally exacted taxes is solely a matter of governmental grace. In the absence of an authoritative statute, taxes voluntarily, although erroneously, paid cannot be voluntarily refunded, although there may be justice in the claim. * * * Sometimes conditions are annexed to the right to a refund which must be complied with, such as the making of the claim within a specified time. It seems that *701 defects in the form of sufficiency of the claim may be waived, but the statutory requirement that the claim be filed in the prescribed time may not be waived.’ 51 Am.Jur., Taxation, Sec. 1179.”
******
Therefore, for the reasons above stated, the summary final decree here under review is hereby reversed with directions to dismiss the cause.
Reversed with directions.

. “95.08 Limitation of claims against county. — Every claim against any county shall be presented to the board of county commissioners within one year from the time said claim shall become due, and shall be barred if not so presented.”