JOHNSON, Judge.
This appeal concerns whether or not the appellant, plaintiff below, as a taxpayer, is entitled to a refund of taxes illegally or wrongfully exacted from the taxpayer where no formal application for refund was filed within the three years as required by Florida Statutes § 215.26.
The pertinent facts which we think necessary to recite herein are: There was a disagreement between the taxpayer and the Office of the Comptroller of Florida over whether the taxes in question were legal taxes or not. Written communications between the appellant-taxpayer and the Area Director of the Intangible Tax Department of the Office of the Comptroller, relating to these same taxes were started back in 1969. The same tenor of communications about these taxes were continued after the State Agency involved there had been changed into the Department of Revenue.
On March 10, 1969, the appellant received a letter from the Comptroller’s Office, signed by “William M. Boyer. Area Director Intangible Tax Department.” This letter was entitled “Re: Florida Intangible Tax Liability — Class “D”.” This letter related to the question of the taxes which are the cause of this law suit. In the second paragraph of the above letter, we find this language:
“In order to avoid payment of interest penalties commencing April 1, at the rate of 1% per month it is our recommendation that you pay the bill rendered by Miss Charlie Hagerman, Sarasota County Tax Collector.
“If you choose to pursue the matter further this action will stop the accrual of further interest charges. Naturally a refund would be in order should a reversal of our decision be reached by a higher authority.” (Emphasis supplied.)
The “higher authority” we construe to mean the courts.
The record does not reveal just at what point of time Mr. William M. Boyer ceased to be the Area Director for Intangible Taxes, but we do know that the communications between the “State of Florida” and the taxpayer, about the same taxes, continued at least to August 25, 1970, as shown by a letter of the latter date to Mr. William M. Stuart, Sarasota County Tax Assessor in which a Mr. W. Scott Robson, signed the letter as Assistant Chief — Intangible Tax Bureau. The printed letter head shows: State of Florida Department of Revenue with request to “please address all replies to Intangible Tax Bureau.”
The appellant filed its complaint on April 28, 1971, in the Sarasota County, Florida Circuit Court. Upon motion, the suit was transferred to Leon County Circuit Court. A number of pleadings were filed and one which we think pertinent was filed January 16, 1973, by the appellees, entitled “Answer to Amended Complaint” in which it is admitted by the “State” that the taxes in question had been paid in full for the years 1968 and 1969. There was some dispute as to 1970 tax. By way of an affirmative defense (contained in the answer) the appellees claim that appellant had not made claim for refund and had same denied as provided by Florida law. The Comptroller of Florida filed a separate answer to the Amended Complaint on January 17, 1973, in which he also admits that appellant had paid taxes for 1968 and 1969, and denying payment of 1970 taxes.
The appellees raised by way of an affirmative defense and by motion to dismiss *189 the question whether or not the plaintiff’s (appellant’s) rights to refunds were barred by virtue of its failure to file a formal application for refund and within three years.
The trial court in its final judgment recites in detail the transactions which gave rise to the subject taxes and decided that the taxes were illegally exacted “and this gave rise to a valid claim for refund.” The trial court then, however, held that the plaintiff (appellant) was barred from recovery of the amount of the taxes because of a failure to comply with the requirements of Sections 215.26 and 199.341, Florida Statutes, with respect to- the time and manner within which claims for refund of taxes illegally paid must be made. The trial court applied the holding of the Supreme Court of Florida in State ex. rel. Tampa Electric Company v. Gay, 40 So.2d 225 (Fla.1949) as controlling on the question. The author of this opinion seems to detect a slight hesitation on the part of the trial court in saying that the conclusion of the Supreme Court was “clearly stated and is binding upon this court.” We take a different slant on the facts of the case sub judice, and without flying into the face of the Tampa Electric case supra, we determine that the conduct of the employees or agents of the State of Florida, as contained in the filed letters between the taxpayer and the State Agencies amounted to a complete estoppel for the State or any of its agencies, to claim as an affirmative defense the lack of a formal or timely application for refund. Therefore, we would and do reverse the order appealed insofar as it denies to the appellant its right for refund, and the proper agency of the State of Florida is hereby directed to make refund of all the taxes illegally exacted from the appellant.
Reversed.
BOYER, Acting C. J., and LEE, THOMAS E., Associate Judge, concur.