RAWLS, Acting Chief Judge.
Grunwald (appellant-taxpayer) is of the firm opinion that the trial court erred in its interpretation of the time limitation for the Department of Revenue to additionally assess intangible taxes and penalties.
We adopt as the opinion of this court salient portions of the learned trial judge’s well-reasoned opinion, viz:
“ . . .2. The Plaintiff Richard M. Grunwald is and has been at all times relevant hereto a resident of the State of Florida.
3. On March 20,1970, the Plaintiff Richard M. Grunwald filed an intangible personal property tax return pursuant to Chapter 199, Florida Statutes.
4. The due date for filing the aforesaid return was April 1, 1970, Chapter 199, Florida Statutes, 1969. On November 30, 1970, the Plaintiff Richard M. Grunwald paid the intangible taxes shown to be due on the return.
5. The attachments to Plaintiff’s Complaint reflect correspondence between Plaintiff and the Department of Revenue of the State of Florida beginning sometime on or before July 24, 1973, continuing through November 6,1973, and culminating with a Notice of Determination dated December 19, 1973. This correspondence reveals that the Department of Revenue had notified Plaintiff Richard M. Grunwald prior to November 30, 1973, that his intangible tax liability for the 1970 tax year was under investigation by the Department of Revenue. 6. It is undisputed that on the return filed by the Plaintiff Richard M. Grun-wald for the 1970 tax year, shares of stock of a value of $143,200 as of January 1, 1970, were omitted from said return.
7. The intangible tax attributable to these omitted shares of stock was $143.20. The penalty attributable to said omission was properly computed as $100.
8. Florida Statutes, Section 199.232(4), 1971, 1973, provides that no intangible tax assessment shall be made except pursuant to an investigation after the expiration of three years from the due date of filing a return or the date of filing, whichever is later.
9. The intangible tax assessment in question for the 1970 tax year was not made within three years from the due date for filing the return or the date of filing the return.
10. The assessment in question, however, was made pursuant to an investigation. Florida Statutes, Section 199.232(7) provides that an investigation of intangible tax liability may be made against the person for any year in which that person’s right to a refund is available.
11. The right to a refund for intangible taxes is available for a period of three years from the date of payment Florida Statutes, Sections 199.252 and 215.26.
12. The Plaintiff in question, Richard M. Grunwald, was notified that an investigation of his intangible tax liability was being conducted for the 1970 tax year within the period in which his right to a refund was available.
13. Accordingly, the assessment and penalties against the Plaintiff in the amount of $243.20 were not barred by the statute of limitations. . . .”
AFFIRMED.
MILLS and SMITH, JJ., concur.