DOWNEY, Chief Judge.
This appeal was filed prior to March 1, 1978, to review a final agency order of the Department of Revenue and will be treated as a Petition for Certiorari. Yamaha International Corporation v. Ehrman, 318 So.2d 196 (Fla. 1st DCA 1975).
The petitioners are three corporate owners of proposed apartment projects. Each petitioner executed a construction mortgage and note providing for periodic payments to the mortgagor as the construction progressed. Class C intangible taxes were paid by each of the petitioners at the time the mortgages were recorded. Each of the projects was only partially built and thus, the face amount of each mortgage and note was not disbursed to the mortgagor. Applications for refund were filed by the petitioners and denied by the Comptroller, because none of the applications were filed within three years of the date of payment of the taxes.
Petitioners filed petitions for administrative review and the Hearing Officer entered a Recommended Order granting the refund. However, the Governor and Cabinet, sitting as the head of the Department of Revenue, entered a Final Agency Order reversing the Recommended Order of the Hearing Officer with regard to the refund of the intangible tax.
Pursuant to statute a Class C intangible tax is imposed upon all promissory notes secured by a mortgage on real property in this state.[1]
The final order of the Department of Revenue held that the Clerk of the Circuit Court would refuse to record a mortgage unless the intangible tax were paid on the principal amount of the obligation. The order further provided that the only exception to the requirement of payment of the intangible tax on the face amount of the obligation at the time of recording was in a situation where the mortgage provided for future advances pursuant to Section 199.-052(7)(d).[2] The Department held that the tax on other than the initial debt secured by the mortgage was not payable under those circumstances until the advance was actually made. Therefore the Department concluded that the petitioners could have filed a claim for refund of the intangible taxes paid on funds not advanced at the time the mortgage was recorded. Instead, the petitioners waited until the mortgagees terminated their obligations under the mortgages without fully disbursing the proceeds on the loan and then filed claim for refund which was more than three years from date of payment of the tax. We agree with the final order of the Department of Revenue.
The amount of the tax is determined by the principal amount of the indebtedness evidenced by the note and mortgage[3] and must be paid prior to recording the mortgage.
Section 199.052(7)(d), Florida Statutes (1971), provides:
“(d) If the mortgage, deed of trust, or other lien subject to the tax levied by this chapter secures future advances, as provided in § 697.04, the tax shall be paid at the time of execution on the initial debt or obligation secured, excluding future advances; at the time and so often as any *1005 future advance is made, the tax shall be paid on all sums then advanced. . . ”
Section 215.26(2), Florida Statutes (1971), provides:
“Application for refunds as provided by this section shall be filed with the comptroller within three years after the right to such refund shall have accrued else such right shall be barred and such application shall be on a form to be prescribed by the comptroller and shall be sworn to and supplemented with such additional proof as is necessary to establish such claim; provided, such claim is not otherwise barred under the laws of this state.”
 The general rule seems to be that when a claim for refund of taxes must be made within a stated time after the refund accrues, the time period commences when the tax is paid. State ex rel. Victor Chemical Works v. Gay, 74 So.2d 560 (Fla.1954); State ex rel. Tampa Electric Co. v. Gay, 40 So.2d 225 (Fla.1949); Grunwald v. Department of Revenue, 343 So.2d 973 (Fla. 1st DCA 1977); see Annot., 46 A.L.R.2d 1350 (1956).
The Final Agency Order appears to us to be the correct decision in this case. We perceive the conclusion in the Hearing Officer’s Recommended Order to have gone astray because some of his conclusions of fact are not supported by the record, e. g. “An application for refund of the intangible tax representing the difference between the face amount of the mortgage to secure future advances, and the amount advanced, will be disapproved by the Department of Revenue so long as advances on the face amount of the loan are still being made.”
We have considered all of petitioner’s points on appeal and find them to be without merit. Accordingly, the petition for certiorari is DENIED.
MOORE, J., and RIYKIND, LEONARD, Associate Judge, concur.

. Section 199.032, Florida Statutes (1971).

. The authority for the finding was Section 199.052(7)(d), Florida Statutes (1971) and the Department’s answer to petitioner’s request for admission No. 1.

.Section 199.122, Florida Statutes (1971).