PER CURIAM.
The comptroller appeals an order entered by the trial court on February 2, 1979, finally determining by joint stipulation the amount of tax refund owed by the State of Florida to the appellee — taxpayers for over-payments of intangible personal property taxes. The appellees paid the intangible personal property taxes claimed by the State, under protest, for the tax years 1966 through 1971. The sole issue involved in this appeal is whether the trial court erred because it awarded the appellees interest on the tax refund from the dates of payment to the date of judgment, at the rate of interest established by Section 55.03, Florida Statutes (1979)[1]. We agree the trial court erred in awarding interest from the date of payment under protest, and we reverse that portion of the order.
It seems inequitable that a taxpayer can be charged interest and penalties in considerable amounts by the State if he fails to pay a tax [2], yet if the taxpayer pays the excessive amount of taxes demanded by the State, under protest, he cannot recover interest from the date of payment even at the modest rates set by Section 55.03. However, the principal is well established in Florida that absent statutory authority allowing recovery of interest on tax refunds, the taxpayer cannot be awarded interest. State ex rel. Four-Fifty Two-Thirty Corp. v. Dickinson, 322 So.2d 525 (Fla.1975); Mailman v. Green, 111 So.2d 267 (Fla.1959); *1344 Department of Revenue v. Goembel, 382 So.2d 783 (Fla. 5th DCA April 9, 1980); Hansen v. Port Everglades Steel Corporation, 155 So.2d 387 (Fla. 2d DCA 1963). We are unable to distinguish City of Opa-Locka v. Buckress Land Co., 247 So.2d 339 (Fla. 3d DCA 1971), which allowed a taxpayer to recover 6% interest on a tax refund from the date of payment under protest. The Third District Court of Appeal did not rely on any statutory authority. Its per curiam opinion pre-dates Four-Fifty Two-Thirty Corp. and was not mentioned in that opinion.
Appellees argue that inequitable circumstances may make an award of interest on tax refunds allowable. The Mailman case contains dictum which lends support to this theory:
To repeat, the amount ultimately to be paid was throughout the litigation in doubt. Whether the comptroller should refund any or all of it could not have been divined by that officer and that being the case, we have found no room for the play of equitable principals relative to unjust enrichment of the state at the expense of its citizens, as failure of the state to deal fairly with them. .
The money was not inequitably withheld by the state and used by it to the detriment of petitioners,
at 269.
Four-Fifty Two-Thirty Corp. repeats this dictum from Mailman with apparent approval, although it is dictum in Four-Fifty Two-Thirty as well. However we find no equitable grounds established in this case for the application of this dictum. The order decreeing the amount of the refund was premised on the parties’ joint stipulation. No testimony was presented to the trial court concerning inequitable circumstances, or excessive taxes or unfair dealings with the taxpayer by the taxing authorities. The trial court made no such findings.
Since there is no equitable or statutory basis to affirm the award of interest on the refunds from the date of payment by the taxpayer, we reverse that portion of the lower court’s order.
REVERSED IN PART.
COBB, UPCHURCH and SHARP, JJ., concur.

. Section 55.03 provides: “All judgments and decrees bear interest at the rate of 6 percent a year, except that judgments or decrees rendered in circuit courts shall bear interest at the rate of 8 percent a year unless the judgment or decree is rendered on a written contract or obligation providing for interest at a lesser rate, in which case the judgment or decree bears interest at the rate specified in such written contract or obligation.” (Effective October 1, 1977). Chapter 77-354, § 8, Laws of Fla. provides: “This act does not apply to any judgment or decree granting recovery with respect to an action filed prior to the effective date of this act.” Section 55.03, prior to its amendment in 1977, provided that all judgments bear interest at the rate of 6 percent a year. Although not involved in this appeal, this statute would provide a basis to collect 6% interest on the judgment appealed from in this case from the date of the judgment. Simpson v. Merrill, 234 So.2d 350 (Fla. 1970); City of Miami Beach v. Jacobs, 341 So.2d 236 (Fla. 3d DCA 1976).

. § 199.052(8)(a), (b), (c), (d), Fla.Stat. (1979).