GRIMES, Judge.
This appeal involves the question of whether a court may award prejudgment *80 interest when it orders the refund of ad valorem taxes. We answer the question in the negative.
University Presbyterian Homes, Inc. filed a complaint against the Hillsborough County Tax Collector seeking a refund of the 1974 ad valorem taxes it paid on a certain parcel of real property. It alleged that as of January 1, 1974, it had not completed improvements located on the property and that therefore those improvements should not have been included in the assessed value of the property for 1974. After hearing the matter, the trial court entered judgment in favor of University Presbyterian Homes in the amount of $80,503.54 plus interest of $13.01 per day after October 31, 1979. The $80,503.54 figure was the sum of $59,380.40 (89% of the taxes actually paid to the tax collector) and the interest on that amount from May 21, 1975 to October 31, 1979, at the rate of 8% per year. The tax collector challenges only the award of interest from May 1975 to October 1979.
The tax collector argues that the court erred in awarded prejudgment interest because in Florida a governmental body is not liable for interest unless expressly authorized by statute or contract and because there is no Florida statute authorizing prejudgment interest on ad valorem tax refunds. We agree. State v. Dickinson, 322 So.2d 525 (Fla.1975); Mailman v. Green, 111 So.2d 267 (Fla.1959); Department of Revenue v. Goembel, 382 So.2d 783 (Fla. 5th DCA 1980); Hansen v. Port Everglades Steel Corp., 155 So.2d 387 (Fla.2d DCA 1963). The Goembel and Hansen cases are directly on point. The two supreme court cases did not involve the refund of ad valorem taxes, but they did deal with the refund of some type of tax.
In its brief, University Presbyterian Homes cites several cases to support its position that it was entitled to prejudgment interest. Simpson v. Merrill, 234 So.2d 350 (Fla.1970); Florida Livestock Board v. Gladden, 86 So.2d 812 (Fla.1956); Treadway v. Terrell, 117 Fla. 838, 158 So. 512 (1935); City of Opa—Locka v. Buckress Land Co., 247 So.2d 339 (Fla.3d DCA 1971). The three supreme court cases are distinguishable. Simpson v. Merrill only dealt with a party’s right to recover costs against a state agency as contrasted to interest, and while the Florida Livestock and Treadway cases did allow prejudgment interest, they dealt not with tax refunds but with suits on contracts. The supreme court found there an implied statutory allowance for interest in the legislature’s decision to allow certain state agencies to be sued in contract. The limited scope of these rulings was expressed in Treadway when the court said:
Where there is statutory authority to sue, not the state generally for matters affecting its sovereign governmental functions, but upon “any claim arising under contract for work done” for a state agency having specific statutory authority to contract for the construction of highways for the state and to pay for the work when done under contract, and there are no pertinent limitations contained in the authority to sue or in other statutes controlling the subject as to payment of interest on debts due on contracts made for the state by its authorized agency, the general principles of liability for interest may be applied in proper cases of contract obligation, where to do so comports with the statutory authority to sue and will do justice in the case consonant with law and equity and the dignity and honor of the sovereign.
117 Fla. at 855, 158 So. at 518. We do not find the City of Opa-Locka case to be persuasive authority because it relied without analysis solely upon Treadway, Florida Livestock Board, and Simpson, which, as we have noted, are distinguishable from the present case.
The suggestion that it is inequitable to charge the taxpayer interest on an underpayment and yet deny him interest on a refund loses much of its force when examined in light of Section 194.171(3), Florida Statutes (1979), which permits a contesting taxpayer to pay only those taxes which he admits in good faith to be owing. In any event, there was no showing of the extraordinary inequity which some of the cases *81 have indicated might authorize the payment of prejudgment interest on the refund. See Lewis v. Andersen, 382 So.2d 1343 (Fla. 5th DCA 1980); Mailman v. Green.
University Presbyterian Homes makes an additional argument which is not addressed in the other decisions. It contends that the following portion of Florida Administrative Code Rule 12D-12.47, dealing with tax refunds, requires the payment of prejudgment interest:
When money is held by the tax collector, clerk of the court, or board of county commissioners for a taxpayer pursuant to Section 197.186 or Section 197.291,[1] Florida Statutes, the county shall not be liable for interest or to pay interest that could have accrued while the money was in possession of the county, regardless of the reason the money was paid to the county, unless ordered by the courts.
The amount to be refunded shall be based upon the original distribution by the tax collector to the taxing authority plus interest, if any.
We need not pass on whether the Department of Revenue exceeded its legislative authority to issue such a rule because we construe those provisions to require the payment of interest on refunds only in situations where there is statutory authority for the payment of such interest.[2] Here there was no statutory authority for the court’s award of interest.
We reverse that part of the judgment which awards prejudgment interest to University Presbyterian Homes and remand the case for redetermination of the amount of the final judgment in a manner consistent with this opinion.
SCHEB, C. J., and OTT, J., concur.

. These statutes are inapplicable to the present case, so the argument goes that by specifying two exemptions this is a further indication that the Department of Revenue intended for prejudgment interest to be paid on all other refunds pursuant to the succeeding paragraph of the regulation.

. One example of an instance where interest on refunds is specifically authorized by statute is found in Section 197.116(8), Florida Statutes (1979).