# GATEWAY HOSPITAL CORPORATION, etc. v STATE OF FLORIDA DEPARTMENT OF REVENUE

## Case No. 85-1170

State of Florida, Division of Administrative Hearings

October 3, 1985

### APPEARANCES OF COUNSEL

**Patrick Patrissi, Myers, Kenin, Levinson, Frank & Richards,** for petitioner.

**Linda Lettera,** Department of Legal Affairs, for respondent.

### OPINION

K. N. AYERS, Hearing Officer.

### *RECOMMENDED ORDER*

Pursuant to notice, the Division of Administrative Hearings, by its duly designated Hearing Officer, K. N. Ayers, held a public hearing in the above-styled case on September 17, 1985, at Tallahassee, Florida.

By Petition dated March 21, 1985, Gateway Hospital Corporation, d/b/a Gateway Community Hospital (Petitioner or Taxpayer), contests the assessment by the Department of Revenue (DOR) of intangible personal property taxes for the tax years 1979 and 1980 in the amount of $12,296.30 including penalties and interest.

At the hearing Petitioner called two witnesses, Respondent called two witness, and 18 exhibits were admitted into evidence. There is no real dispute as to the operative facts here involved. Petitioner contends the 1979 and 1980 intangible personal property tax returns were filed and the taxes were paid but was unable to produce evidence of payment. Respondent has no record these intangible tax returns for the years 1979 and 1980 were filed or the taxes paid.

Respondent moved to dismiss the petition because it was not timely filed. Ruling on this motion was deferred and evidence on the timeliness of the motion was presented during the hearing. Ruling on this motion is contained in the conclusions of law.

Proposed recommended orders have been submitted by the parties. To the extent the proposed findings are incorporated herein they are adopted; otherwise, they are rejected as not supported by the evidence, mere recitation of the testimony of witnesses, immaterial, cumulative, or unnecessary to the conclusions reached. Proposed conclusions of law inconsistent with those contained herein are rejected.

## FINDINGS OF FACT

1. Finding no record that Taxpayer had filed or paid intangible taxes for the years 1979 and 1980, on June 17, 1982, DOR notified Taxpayer they were reviewing Taxpayer's intangible personal property tax account for the years 1979 through 1982 (Exhibit 16).

2. During the audit which followed Taxpayer presented copies of the 1981 and 1982 tax returns and cancelled checks evidencing payment. The audit disclosed small discrepancies in these returns and those discrepancies were satisfied by the Taxpayer and are not an issue in these proceedings.

3. On December 15, 1982, Gateway Hospital sold its assets to Humana Corporation and in December 1983 the corporation was dissolved and a liquidating trust was established to settle accounts and distribute proceeds to the stockholders. After this date none of Taxpayer's employees were located at the Gateway Hospital address, 5115 58th Avenue North, St. Petersburg, Florida.

4. One of the Taxpayer's contentions on the timeliness issue is that

**177**

all notices from DOR were sent to the 58th Street address and were either not received or not timely received by Taxpayer. No special notification to DOR of a change of address was submitted by Taxpayer. The 1983 intangible tax return showed Taxpayer's address as 5800 49th Street, Suite 201, St. Petersburg, Florida. However, in the petition for hearing dated March 21, 1985, Petitioner's address is shown as 5115 58th Avenue, North, St. Petersburg, Florida 33709.

5. On April 2, 1984, DOR sent Taxpayer Notice of Proposed Assessment (Exhibit 6) for tax years 1979, 1980, 1981, 1982, and 1983 in the amount of $19,786.36 with interest through February 23, 1984. This notice advised Taxpayer that this was final agency action and of its right to petition for an administrative hearing within 60 days or file an action in circuit court within 60 days, and that failure to so petition or file would render the proposed assessment final and no action could thereafter be brought to contest the assessment. This notice was sent certified mail and receipted for at the 58th Avenue North address. Alan Steinbach, the chief operating officer of the liquidating trust, testified he never received Exhibit 6.

6. Subsequent to June 19, 1984, DOR sent Notice of Demand for Payment (Exhibit 7) to Taxpayer to the 58th Avenue North Address. This document, the top part of which is identical to Exhibit 6 except interest has been computed to 6/19/84, was received by Steinbach. Steinbach contacted DOR and told Randy Miller, Executive Director, that this was the first notice of a delinquency he had received from DOR and needed additional time to show the taxes had been paid. Miller agreed to allow Taxpayer more time and communicated this to Steven J. Barger, Jr., Chief, Bureau of Audi Selection.

7. By letter dated August 13, 1984 (Exhibit 8), Barger advised Steinbach that the collection procedure would be delayed 30 days to permit Taxpayer time to submit the information necessary to set aside the assessment. By letters dated September 11, 1984 (Exhibit 9) and October 17, 194 (Exhibit 12), the collection procedures were further stayed until December 12, 1984. During this period Taxpayer presented evidence that the 1982 and 1983 intangible personal property taxes had been paid and all errors in those returns were corrected and the correct taxes paid. By Notice of Proposed Assessment dated 1/9/85 (Exhibit 14) an audit assessment for the tax years 1979-1983 was forwarded to Taxpayer showing the tax, penalties and interest for the tax years 1979 and 1980 through 1/3/85 in the amount of $12,296.30 were due and no taxes were due for the other years. The explanation of appeal rights attached to this audit assessment advised the Taxpayer had 60 days from the date of assessment to contest the assessment in an administra-

178

tive proceeding or a judicial proceeding. On March 21, 1985, the instant petition was filed.

8. During the period prior to January 9, 1985, Petitioner was unable to locate tax returns or cancelled checks showing payment for 1979 and 1980 although Taxpayer produced returns and cancelled checks for all of the other years from 1977 through 1983. DOR also located evidence showing intangible personal property taxes paid by Taxpayer before and after 1979 and 1980, but could find no record of returns being filed or taxes paid for the years 1979 and 1980.

9. Upon receipt of a tax return and payment DOR photographs the return and payment check on microfilm, enters the data from the return in the computer, and forwards the tax return to the archives in the Department of State. An index for a tax year is compiled after the close of that tax year. Until this index is prepared, DOR cannot readily locate any tax return. As a result, whether or not a tax return was filed by a particular taxpayer cannot be ascertained by DOR until six to nine months after the close of the tax year. At the time Exhibit 7 was forwarded to Taxpayer, DOR could not have located the Taxpayer's 1983 return which, in fact, had been filed, as had the 1981 and 1982 returns.

10. Taxpayer could not locate the returns or cancelled checks representing payment for the years 1979 and 1980. When asked why Taxpayer did not obtain bank records to establish payment, Steinbach responded that the corporation wrote 1000-1500 checks per month and too many checks would have to be screened. Since all payments by Taxpayer for the five years for which returns were produced were made in June, except for one year, 1983, which was paid in July, that does not appear to be an onerous task to avoid a tax liability of more than $12,000.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction over the parties to, and subject matter of, these proceedings.

Since 72.011(1), *Florida Statutes* (1984 Supp.), provides that a taxpayer may contest the legality of a tax provided for under Section 199 by filing an action in circuit court or, alternatively, the taxpayer may file a petition under the applicable provisions of Chapter 120. Subsection (2) provides no action may be brought and no petition may be filed to contest an assessment of any tax after sixty (60) days from the date the assessment becomes final. The DOR is directed to establish by rule when an assessment becomes final for purposes of this section. Rule 12-6.04(2)(a), *F.A.C.*, provides:

179

A proposed assessment shall become a final assessment sixty (60) days (one hundred fifty [150] days if the taxpayer is not in the United States) after the date of issuance, unless the taxpayer has filed a protest or secured a written extension of time from the department in which to file a protest prior to the expiration of said sixtieth day. . . .

DOR contends that the letters (Exhibit 8, 9 and 12) stayed only the collection procedures and did not extend the time in which Taxpayer had to appeal the assessment. Technically, this position is correct; however, the April 2, 1984, Notice of Proposed Assessment included the tax years 1979 through 1983, the last year (1983) was an estimated tax, and, in fact, this tax had been paid by the Taxpayer. Accordingly, the letters granting the extensions which "stayed the collection procedures" could have been interpreted by Taxpayer as a written extension of time in which to contest the assessment by presenting documentation that the taxes had been paid. By resubmitting a Notice of Proposed Assessment 1-9-85 showing zero taxes were owed for 1982 and 1983 and assessment only for the years 1979 and 1980, Respondent evinced an intent that this last document was a final assessment. The petition to protest this assessment was filed more than 70 days from the date of the assessment and, therefore, was not timely filed.

Section 199.232, *Florida Statutes*, provides:

(1) The department shall ascertain by a diligent search and inquiry whether all persons as defined in this chapter have made proper returns and whether all intangible personal property subject to taxation has been assessed. If the department discovers that any intangible personal property has for any reason escaped taxation or has been undervalued, it shall assess the same separately for each year that the property may have escaped taxation or has been undervalued, and the tax and penalties shall be levied and collected by the department.

The Taxpayer was notified on June 17, 1982, that an investigation of its tax liability was underway and this notice was within the three-year statute of limitations for tax years 1979 and the years subsequent thereto. The assessment resulting from such investigation is not barred by the statute of limitations. *Grunwald v. Department of Revenue*, 343 So.2d 973 (Fla. 1st DCA 1977).

The assessment levied January 9, 1985, is prima facie correct. The burden to show the contrary rests upon the Taxpayer. Section 199.232(5)(b), *Florida Statutes*. Here the Petitioner failed to rebut this prima facie case and the assessment must be upheld.

180

From the foregoing it is concluded that Petitioner failed to pay its intangible personal property taxes for the years 1979 and 1980 did not timely file a petition to extend this assessment. Accordingly, the assessment of taxes, penalties and interest for those years is due and collectible from the Taxpayer. It is

RECOMMENDED that the Department of Revenue enter a Final Order imposing an assessment of intangible personal property taxes against Gateway Hospital Corporation for the tax years 1979 and 1980 in the amounts of $2,663.96 and $4,019.67, respectively, plus applicable penalties and interest.

ENTERED this 3rd day of October, 1985, at Tallahassee, Florida.