NIMMONS, Judge.
Appellant, the personal representative of the Estate of Leo Goodwin, Sr., appeals from a summary judgment in which the trial court held that the appellant was not entitled to receive from the Department of Revenue of the State of Florida interest on a refund for estate taxes. We affirm.
Leo Goodwin, Sr., a resident of Florida, died testate in May, 1971. Pursuant to the provisions of Section 5(a), Article VII of the Florida Constitution and Section 198.02, Florida Statutes (1971) [1], the personal representative paid to the State of Florida the sum of $3,598,486.15 in estate taxes. This amount represented the amount claimed as a credit in computing the amount of federal tax due, plus an additional $69,313.15 in interest.
In 1975, the personal representative filed suit in the United States Tax Court contesting the amount of federal tax due. A judgment was entered on June 21, 1982 reducing the value of the taxable estate, which resulted in a reduction in the amount of allowable credit under the Federal Revenue Act. Consequently, the tax due to Florida by the estate was reduced from the original $3,598,468.15 to $2,509,473.
In July 1982, the personal representative requested the State of Florida to refund $1,089,013.15 for the overpayment of estate taxes. Appellant also requested interest from the date of the original payment.
On August 30, 1982, the Department of Revenue refunded the amount of $1,125,-090.83, which included the overpayment of interest as well as estate taxes. However, the Department refused to pay the interest requested by the appellant on the refund.
It is the appellant s position that the Goodwin estate is entitled to interest under Section 5(a), Article VII of the Florida Constitution (see footnote 1) which prohibits the imposition of estate taxes in excess of the aggregate amount allowed to be deducted from the estate taxes levied by the United States or any state. Appellant argues that the State has deprived the Goodwin estate of the opportunity of earning over $700,000 in interest over the ten-year period and has thereby increased the estate’s total tax liability by $700,000 in violation of the Florida Constitution. We disagree.
The question raised by this appeal, namely, whether appellant is entitled to receive interest on a refund for estate taxes, has been decided adversely to appellant’s position in Mailman v. Green, 111 So.2d 267 (Fla.1959). See also Lewis v. Andersen, 382 So.2d 1343 (Fla. 5th DCA 1980); State ex rel. Four-Fifty Two-Thirty Corporation v. Dickinson, 322 So.2d 525 (Fla.1975); Hansen v. Port Everglades Steel Corporation, 155 So.2d 387 (Fla. 2nd DCA 1963).
The trial court’s final summary judgment is accordingly
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.

. Article VII, Section 5(a) of the Florida Constitution provides:
NATURAL PERSONS. No tax upon estates or inheritances or upon the income of natural persons who are residents or citizens of the state shall be levied by the state, or under its authority, in excess of the aggregate of amounts which may be allowed to be credited upon or deducted from any similar tax levied by the United States or any state.
In conformance with this constitutional provision, Section 198.02, Florida Statutes (1981) provides for the imposition of an estate tax in an amount equal to the maximum credit allowed under the Federal Revenue Act less the amount of estate taxes paid to any other state.