Dr. Elton J. Gissendanner Executive Director Department of Natural Resources Marjory Stoneman Douglas Building 3900 Commonwealth Boulevard Tallahassee, Florida 32303 Mr. Randy Miller Executive Director Department of Revenue Carlton Building Tallahassee, Florida 32301-8002
Dear Dr. Gissendanner and Mr. Miller:
This is in response to your joint request for an Attorney General Opinion on substantially the following questions:
 1) IS THE BOARD OF TRUSTEES OF THE INTERNAL IMPROVEMENT TRUST FUND ENTITLED TO A REFUND OF AD VALOREM TAXES AND SPECIAL ASSESSMENTS WHICH WERE PAID TO THE PALM BEACH COUNTY TAX COLLECTOR FOR THE CALENDAR YEAR 1979 WHEN THE REQUEST FOR SAME WAS MADE ON OR ABOUT OCTOBER 14, 1983?
 2) IS THE BOARD OF TRUSTEES OF THE INTERNAL IMPROVEMENT TRUST FUND ENTITLED TO BE PAID INTEREST ON REFUNDS RECEIVED FOR AD VALOREM TAXES AND SPECIAL ASSESSMENTS WHICH WERE PAID TO THE PALM BEACH COUNTY TAX COLLECTOR FOR THE CALENDAR YEARS OF 1980, 1981 AND 1982?
According to Dr. Gissendanner's letter, payment had been made by the Board of Trustees of the Internal Improvement Trust Fund (hereafter Board of Trustees) to the Palm Beach County Tax Collector's Office for the calendar years 1979, 1980, 1981 and 1982 for ad valorem taxes and special assessments levied upon state-owned lands situated within the South Florida Water Management District. A claim for refund was filed by the Board of Trustees with the Department of Revenue (hereafter DOR) on or about October 14, 1983, following this office's rendering of AGO 83-23. DOR granted a refund for the calendar years 1980, 1981 and 1982, but denied a refund for 1979 under the authority of s. 197.0138(1)(c), F.S. 1983. Moreover, DOR denied the Board of Trustees' claim for interest on the taxes paid for the calendar years 1980, 1981 and 1982.
In AGO 83-23, this office noted, inter alia, that there was no statutory authority to impose ad valorem taxes or assessments on state-owned land within the South Florida Water Management District. The opinion set forth "the general rule, as well as the rule applicable in Florida, . . . that a public agency of the state must point to specific statutory authorization in order to tax state-owned land, otherwise such land is immune from taxation." Thus, AGO 83-23 concluded that state-owned lands, title to which is vested in the Board of Trustees, are not subject to ad valorem taxes assessed by the South Florida Water Management District. Attorney General Opinion 84-57, inter alia, modified AGO 83-23 to make it clear that the conclusion set forth above applied to special assessments as well as to taxes.
QUESTION ONE
Initially, I note that s. 197.0138, F.S., was repealed by s. 126, Ch. 85-342, Laws of Florida, effective December 31, 1985, and has been replaced by s. 197.182, F.S., without any change of substance insofar as material to the instant inquiry. See, s. 136, Ch. 85-342, creating s. 197.182. And see, s. 221(1) of Ch. 85-342, Laws of Florida, expressly providing in part that "[t]he law in effect prior to the effective date of sections 126 through 218 shall apply with respect to the collection of ad valorem taxes based on prior tax rolls. . . ." However, inasmuch as the matter under consideration herein arose under former s. 197.0138, this opinion shall construe that section with reference to your inquiries. Cf., 84 C.J.S. Taxation s. 632a. (2) (in absence of anything to indicate that refund statutes must be given retrospective, as well as prospective operation, such statutes are to be held to operate prospectively only).
Subsection (1)(a) of s. 197.0138, F.S. 1983, directs DOR to pass upon and order refunds when payment has been made voluntarily or involuntarily of taxes assessed on the county tax rolls due to any of the following events: (1) any overpayment; (2) payment when no tax was due; (3) when a bona fide controversy exists between the tax collector and the taxpayer concerning the taxpayer's liability for the payment of the tax claimed to be due, the taxpayer pays such amount, and a court of competent jurisdiction adjudges that the taxpayer was not liable for the payment of the tax or any part thereof; or (4) any payment erroneously made by a taxpayer to the tax collector, provided that, within 24 months of the date of such payment and prior to any transfer of the assessed property to a third party for consideration, the party seeking a refund makes demand, by certified mail, for reimbursement of the payment upon the owner of the property on which the taxes were mistakenly paid and reimbursement of the erroneous payment is not received within 45 days of such demand. Refunds which have been ordered by a court or refunds which do not arise from alterations in the assessed value on a tax roll certified to the tax collector must be made directly by the tax collector without order from DOR and from undistributed funds without approval of the various taxing authorities. Section 197.0138(1)(b), F.S. 1983. Pursuant to subsection (1)(c) of s. 197.0138, F.S. 1983, "[c]laims for refunds shall be made in accordance with the rules of the department [of Revenue]. No refund shall be granted unless claim is made therefor within 4 years of January 1 of the tax year for which the taxes were paid." (e.s.) Compare, s. 197.182(1)(c), F.S., which contains the same language. And see, Rules 12D-12.047; 12D-13.009, F.A.C., pertaining to refunds ordered by DOR.
It is the long-standing rule in Florida that since the right to a refund for taxes is purely of statutory origin, the remedy set forth by statute is exclusive. See, State ex rel. Victor Chemical Works v. Gay, 74 So.2d 560, 562 (Fla. 1954), wherein the Court stated:
 In dealing with statutes such as that involved in this case [s. 215.26, F.S.] it is essential that we bear in mind that unless there is some statute which authorizes a refund or the filing of a claim for refund, money cannot be refunded or recovered once it has been paid although levied under the authority of an unconstitutional statute. . . . `The recovery of illegally exacted taxes is solely a matter of governmental grace. In the absence of an authoritative statute, taxes voluntarily, although erroneously, paid cannot be voluntarily refunded, although there may be justice in the claim. . . . Sometimes conditions are annexed to the right to a refund whch [sic] must be complied with, such as the making of the claim within a specified time. It seems that defects in the form of sufficiency of the claim may be waived, but the statutory requirement that the claim be filed in the prescribed time may not be waived.' . . . [Citations omitted.]
See also, Wright v. Reynolds Fasteners, Inc., 184 So.2d 699 (3 D.C.A.Fla., 1966); Stewart Arms Apartments, Ltd. v. State of Florida Department of Revenue, 362 So.2d 1003 (4 D.C.A.Fla., 1978), respectively citing with approval State ex rel. Victor Chemical Works v. Gay, supra.
Thus, in order for the Board of Trustees to be entitled to the refund of ad valorem taxes and special assessments paid to the Palm Beach County Tax Collector's Office for the calendar year 1979, s. 197.0138(1)(c), F.S. 1983, requires that the claim must have been made therefor within four years of January 1 of 1979, i.e., no later than January 1 of 1983. My research has not revealed any judicial decision or other authority exempting a state agency from the rule set forth in State ex rel. Victor Chemical Works v. Gay, supra. Nor has your office apprised me of any such authority. Therefore, in view of the fact that the claim for refund was filed on or about October 14, 1983, I must conclude that such claim was made beyond the statutorily mandated cut-off date, and such claim is barred. Cf., Hardy, Hardy Associates, Inc. v. State of Florida, Department of Revenue, 308 So.2d 187 (1 D.C.A.Fla., 1975), wherein the court held that the conduct of certain state agents or employees, as reflected in filed correspondence between the taxpayer and state agencies, constituted a complete estoppel for the state or its agencies, to claim as an affirmative defense the lack of a formal or timely application for refund. And see, Stewart Arms Apartments, Ltd. v. State of Florida Department of Revenue, 362 So.2d 1003 (4 D.C.A.Fla., 1978) (when claim for refund of taxes must be made within stated time after refund accrues, time period commences when tax is paid); Wright v. Reynolds Fasteners, Inc.,184 So.2d 699 (3 D.C.A.Fla., 1966), aff'd, 197 So.2d 295 (Fla. 1967), conformed to 198 So.2d 86 (3 D.C.A.Fla., 1967). See generally, 84 C.J.S. Taxation ss. 631a.; 633a.; Annot., 46 A.L.R.2d 1350 (1956); 52 Fla.Jur.2d Taxation s. 21:177; 72 Am.Jur.2d State and Local Taxation ss. 1065; 1074.
QUESTION TWO
You also inquire as to whether the Board of Trustees is entitled to interest on the refunds which it had received for taxes paid for 1980, 1981 and 1982. In general, the allowance or disallowance of interest is a statutory matter. Florida Industrial Commission v. State, 21 So.2d 599 (Fla. 1945). Thus, in the absence of statutory authority providing for the recovery of interest on tax refunds, a taxpayer cannot be awarded interest. Lewis v. Andersen,382 So.2d 1343 (5 D.C.A.Fla., 1980). See also, Smith v. University Presbyterian Homes, Inc., 390 So.2d 79, 80 (2 D.C.A.Fla., 1980), approved, 408 So.2d 1039 (Fla. 1982), wherein the court stated that "in Florida a governmental body is not liable for interest unless expressly authorized by statute or contract and . . . there is no Florida statute authorizing prejudgment interest on ad valorem tax refunds." I am not aware of any authority which would operate to alter the foregoing rule in the instance when, as here, the taxpayer requesting a refund is a state agency.
It has been held that "[i]mmunity from claims for interest against the State is an attribute of sovereignty and is implied for the benefit of the State. It may be waived by a statute, either expressly or by implication." Department of Revenue v. Goembel,382 So.2d 783, 786 (5 D.C.A.Fla., 1980). However, in that case the court also noted that although interest has been allowed against the state based upon statutory authority for such interest, interest has not been granted in tax refund claims, because of the absence of statutory authority. Id. Judicial decisions have consistently disallowed the payment of interest on taxes refunded in the absence of statutory authority granting such interest. See, e.g., Mailman v. Green, 111 So.2d 267 (Fla. 1959); Della-Donna v. Department of Revenue, 485 So.2d 859 (1 D.C.A.Fla., 1986), rev. den., 492 So.2d 1331 (Fla. 1986) (holding respectively that appellants were not entitled to interest on a refund for estate taxes); Hansen v. Port Everglades Steel Corporation, 155 So.2d 387
(2 D.C.A.Fla., 1963) (no interest allowed on refund for ad valorem taxes levied on imports); State ex rel. Four-Fifty Two-Thirty Corporation v. Dickinson, 322 So.2d 525 (Fla. 1975) (interest not recoverable on refund for intangible taxes). Cf., Brooks v. School Board of Brevard County, 419 So.2d 659 (5 D.C.A.Fla., 1982) (where authority to sue state or its agencies is given without limitation as to interest, payment of interest may be impliedly authorized when nature of claim and object designed in permitting such suits against the state or its agencies warrants such implication); Flack v. Graham, 461 So.2d 82 (Fla. 1984).
My examination of s. 197.0138, F.S. 1983, reveals no express provision providing for the refund of interest. Nor do I discern that such authority may be implied either from s. 197.0138, or from any other provision in Ch. 197, F.S. Therefore, in light of the holdings of the judicial decisions discussed above, I must conclude that the Board of Trustees is not entitled to interest on the refunds previously received.
In sum, it is my opinion that:
 1) The Board of Trustees of the Internal Improvement Trust Fund is not entitled to a refund of ad valorem taxes and special assessments which were paid to the Palm Beach County Tax Collector when the request for same was made on or about October 14, 1983; and
 2) The Board of Trustees of the Internal Improvement Trust Fund is not entitled to be paid interest on refunds received for ad valorem taxes and special assessments which were paid to the Palm Beach County Tax Collector for the calendar years of 1980, 1981 and 1982.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
John Rosner Assistant Attorney General